RENDERED: MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0636-MR

BLAKE HADDIX                                     APPELLANT


            APPEAL FROM BREATHITT CIRCUIT COURT
v.         HONORABLE LISA HAYDEN WHISMAN, JUDGE
             ACTION NO. 03-CR-00139


COMMONWEALTH OF KENTUCKY                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Blake Haddix, *pro se*, appeals the Breathitt Circuit Court's denial of his CR[1] 60.02 motion to vacate his conviction. We affirm.

Haddix was convicted of murder and second-degree assault in 2006, which the Kentucky Supreme Court vacated and remanded for a hearing as to

---

[1] Kentucky Rules of Civil Procedure.

whether Haddix was entitled to a new trial based on alleged juror issues. *Haddix v. Commonwealth*, No. 2007-SC-000214-MR, 2008 WL 3890352 (Ky. Aug. 21, 2008) (*Haddix* I). The trial court conducted a hearing, denied Haddix a new trial, and resentenced him. The Kentucky Supreme Court affirmed the trial court's decision. *Haddix v. Commonwealth*, No. 2008-SC-000842-MR, 2009 WL 3526587 (Ky. Oct. 29, 2009) (*Haddix* II).

Haddix subsequently attacked his conviction by filing motions pursuant to CR 60.02 and RCr[2] 11.42. This Court concluded:

> The circuit court's denial of Blake Haddix's CR 60.02 motion is affirmed. The denial of his RCr 11.42 motion is affirmed on all grounds except to the extent it ruled, without a hearing, that trial counsel's failure to call witnesses to testify to the victim's alleged propensity for violence did not constitute ineffective assistance of counsel. On that matter, the order is reversed and remanded. On remand, the circuit court must first appoint counsel to represent Haddix, and then conduct a hearing to determine whether the failure of Haddix's trial counsel to call such witnesses constituted deficient performance and, if so, whether that deficiency was prejudicial to Haddix at trial.

*Haddix v. Commonwealth*, No. 2010-CA-001190-MR, 2012 WL 246273, at *6 (Ky. App. Jan. 27, 2012) (*Haddix* III). The trial court conducted a hearing as instructed, denied Haddix's RCr 11.42 motion, and we affirmed. *Haddix v.*

---

[2] Kentucky Rules of Criminal Procedure.

*Commonwealth*, No. 2012-CA-001640-MR, 2014 WL 507380 (Ky. App. Feb. 7, 2014) (*Haddix* IV).

With respect to the instant appeal, Haddix's claims are not properly before this Court. In *Berry v. Commonwealth*, we explained:

> The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02. Relevantly, CR 60.02(e)-(f) provides that a court may relieve a movant from a judgment if it is void, or for other reasons of an extraordinary nature. However, CR 60.02 is only for relief that is not available by direct appeal or under RCr 11.42. *Moreover, a defendant is precluded from raising claims which were, or reasonably could have been, raised in prior proceedings.*

624 S.W.3d 119, 121 (Ky. App. 2021) (emphasis added) (internal quotation marks and citations omitted). Outside of the narrow exception *Berry* describes, Haddix exhausted his ability to collaterally attack his conviction through CR 60.02 and/or RCr 11.42 in *Haddix* III and *Haddix* IV, and Haddix presents no arguments here that were unavailable to him a decade ago, *i.e.*, the arguments Haddix presents in the instant appeal "reasonably could have been" asserted in the prior proceedings. In point of fact, we already rejected some of Haddix's arguments in prior proceedings.

Haddix argues he was denied effective assistance of counsel, asserting his trial counsel failed "to ask for a direct [sic] verdict" and failed "to instruct the

-3-

jury of [extreme emotional disturbance]." (Appellant's Br. at 4). As such, Haddix does not raise grounds for relief under CR 60.02, but instead repeats his long-rejected ineffective assistance of counsel claim, properly raised under RCr 11.42, and already disposed of in *Haddix* III and *Haddix* IV. We rejected the improper use of CR 60.02 to raise an ineffective assistance of counsel claim in *Haddix* III, explaining that in his previous CR 60.02 motion, "Haddix simply reargued the matters raised in his RCr 11.42 motion; he presented no other bases of collateral attack of his conviction. It is axiomatic, however, that CR 60.02 relief is not available for that purpose." *Haddix* III, 2012 WL 246273, at *6. Beyond that, Haddix's counsel *did* ask for a directed verdict, as the trial court found in rejecting Haddix's instant CR 60.02 motion. (Record (R.) 37-38). We also previously rejected Haddix's contention he was entitled to an extreme emotional disturbance (EED) instruction, concluding in *Haddix* III: "There was no factual basis to support an instruction on EED." *Haddix* III, 2012 WL 246273, at *4.

Even had we not already rejected this argument in *Haddix* III, Haddix renews the argument but does not develop it. In briefing the Court in the instant appeal, Haddix makes no effort to explain why he was entitled to an EED instruction. Although "EED is a defense to the crime of murder," an instruction on the defense is not warranted if there is "no evidence . . . that would justify the tendered instructions, *i.e.*, no evidence of uninterrupted EED from a 'triggering

-4-

event' to the killings." *Soto v. Commonwealth*, 139 S.W.3d 827, 854 (Ky. 2004) (citations omitted). Haddix directs us to no such evidence.

Haddix's only other argument is an assertion that "audio portions of the record are muted," directing us to "video tapes of the State Medical Examiner," and asserting this amounts to violations of his due process rights under both the Kentucky Constitution and the federal Constitution. We have not been furnished with the video tapes Haddix references, Haddix does not explain what role these video tapes played in his conviction, and Haddix does not explain how the purported violations prejudiced him such that the undue prejudice warrants relief. Haddix fails to furnish us with information regarding this claim, and thus fails to furnish us with a basis for relief.

Haddix is not entitled to ceaselessly appeal his conviction. He already challenged his conviction under CR 60.02 and RCr 11.42, and *Haddix* III and *Haddix* IV dispensed with those challenges. We reiterate: Haddix is not entitled to bring additional CR 60.02 or RCr 11.42 "claims which were, or reasonably could have been, raised in prior proceedings." *Berry*, 624 S.W.3d at 121.

Based on the foregoing, the April 30, 2024 Order of the Breathitt Circuit Court denying Haddix's CR 60.02 motion is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Blake Haddix, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky